# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

**BRANDON JENNINGS,**

      **Petitioner,**

v.                                          **Case No. 2:20-cv-00780**

**P. ADAMS, Warden,**
**USP Hazelton,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having reviewed the petition, the undersigned **FINDS** that Petitioner's petition should be transferred to the United States District Court for the Northern District of West Virginia, as that is the proper venue for his claims. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge transfer this case to the appropriate court and that this matter be **DISMISSED** and **REMOVED** from the docket of this Court.

## I.     Relevant Facts

On December 1, 2020, Petitioner filed the instant action in this Court. Petitioner is currently a prisoner housed in the United States Penitentiary ("USP") Hazelton located at Bruceton Mills, West Virginia. (ECF No. 1 at 1). Although Petitioner designates his petition as a request for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, it is clearly a civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), as Petitioner complains entirely about the conditions of his confinement at USP Hazelton. (*Id.* at 6-7).

## II.    Discussion

It is well settled that federal district courts have the inherent power "to control and protect the administration of court proceedings." *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). "As such, the court has the power to consider sua sponte whether venue is proper." *Brown v. Shanahan*, No. 819CV00210TMCJDA, 2019 WL 1995104, at *2 (D.S.C. Mar. 29, 2019), *report and recommendation adopted,* No. 8:19-CV-210-TMC, 2019 WL 1995301 (D.S.C. May 6, 2019) (citations omitted). Venue for *Bivens* claims are governed by the general venue statute found at 28 U.S.C. § 1391, which states in relevant part:

> **(b)** Venue in general**.**--A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
>
> **(e)** Actions where defendant is officer or employee of the United States
>
> A civil action in which a defendant is an officer or employee of the United States ... or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which
>
> (A) a defendant in the action resides,
>
> (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C.A. §§ 1391 (b) and (e)(1). If a court finds venue to be improper under this statute, the court may dismiss the case or, if justice requires, transfer the case to a district where venue is proper. 28 U.S.C. § 1406; *see also Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988).

      Here, Petitioner complains about USP Hazelton and employees of the penitentiary. His claims relate solely to his conditions of confinement at that facility. USP Hazelton is located in Preston County in the Northern District of West Virginia. As Petitioner makes no claims or allegations against any person or entity located in the Southern District of West Virginia, the Northern District—not the Southern District—is the proper venue for Petitioner's suit.

      A review of Petitioner's pleading demonstrates that he asserts colorable claims that are not barred by an obvious law, regulation, or procedure. Therefore, the interests of justice are best served by transferring this civil action to the United States District Court

for the Northern District of West Virginia, Clarksburg Division.

### III.  Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **TRANSFERRED** to the United States District Court for the Northern District of West Virginia, Clarksburg Division; and that this action be **DISMISSED** and removed from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party,

Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** December 4, 2020

Cheryl A. Eifert
United States Magistrate Judge